**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CARLTON HOLLOWAY, Jr.,** | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Case No. 8:20-cv-00825-PX |
| | * | |
| **C.R. Bard, Inc. et al.**, | * | |
| | * | |
| *Defendants*. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**Report and Recommendation Regarding Dismissal of This Matter for Discovery Failures
Pursuant to Rule 37(B)(2)(v) of The Federal Rules of Civil Procedure**

This is one of a series of cases alleging personal injuries as a result of medical products manufactured and distributed by Defendants.  That series, including this case, were originally consolidated and administered as part of a multi-district litigation in the District of Arizona, but were sent back to their originating districts, including the current case returning to the District of Maryland in March of 2020.  (ECF No. 6).  The cases were originally stayed to allow for settlement discussions to take place, but on January 4, 2023, the stay was lifted in this case.  (ECF No. 37).  Plaintiff decided to proceed *pro se*.

Judge Xinis entered a scheduling order that included an initial joint status report.  (ECF No. 43).  Plaintiff participated in the drafting of that status report with Defendants.  Judge Xinis then scheduled a Rule 16 conference with both sides on April 10, 2023, but Plaintiff did not participate despite having notice.  (ECF No. 46).  Immediately after the Rule 16 conference, the case was referred to the undersigned for discovery and related scheduling on April 11, 2023.[1]

---

[1] The undersigned also handled a settlement conference in this case on February 21, 2023.  When that was unsuccessful, the case was referred for discovery and related scheduling without objection by the parties based on the undersigned's familiarity with the issues.

(ECF No. 47).  Pursuant to that referral, the undersigned entered a Memorandum to the parties regarding the procedure for informally addressing discovery disputes.  (ECF No. 48).

Pursuant to that memorandum, Defendants sent correspondence on August 7, 2023, outlining a series of discovery failures by Plaintiff.  (ECF No. 51).  Those included a failure to respond to written discovery and a failure to appear for a deposition.  *Id*.  Additionally, Plaintiff failed to designate any expert witnesses as called for by the Scheduling Order.  *Id*.  As requested relief, Defendants asked that Plaintiff be ordered to comply with his discovery obligations.  *Id*. Plaintiff did not respond to Defendants' correspondence in the time required, but the undersigned extended Plaintiff's deadline for doing so to August 18, 2023.  (ECF No. 52).  Plaintiff filed no response.

Having considered Defendants' requested relief and in the absence of any opposition, the undersigned ordered that Plaintiff serve responses to written discovery, provide expert disclosures, and submit three alternative deposition dates by September 1, 2023.  (ECF No. 53).  Plaintiff was also warned that "Failure to comply with this order will subject Plaintiff to more serious potential sanctions, including a possible recommendation by the undersigned to Judge Xinis to dismiss the action."  *Id*.  Notwithstanding this warning, Plaintiff did not comply in any way.

Based on this noncompliance, a hearing was scheduled for October 17, 2023, for Plaintiff to show cause why a recommendation for dismissal should not issue.  (ECF No. 54).  Plaintiff did not appear for the hearing.  Defense counsel detailed not only the above failures of discovery, but various efforts undertaken by Defense counsel to communicate with Plaintiff by mail, telephone, and email during the discovery period, to no avail.

Rule 37 of the Federal Rules of Civil Procedure governs the sanctions available for various discovery failures.  Rule 37(b)(2)(v) allows for dismissal against a party who disobeys a discovery

order. The Fourth Circuit has provided four factors to consider in deciding whether dismissal is appropriate under Rule 37: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d 88, 92 (4th Cir. 1989); *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503–06 (4th Cir. 1977).

This Court has previously held under similar facts that dismissal based on those factors was warranted.  In *Nammack v. Hampstead Pre-Owned*, No. CV DKC 19-1798, 2021 WL 3288368 (D. Md. Aug. 2, 2021), plaintiff failed to respond to discovery deadlines, resulting in the Court granting a motion to compel the overdue responses and warning that a failure to participate in discovery could result in dismissal.  Plaintiff then again failed to provide the discovery information and to abide by the Court order.  The Court found that dismissal was warranted under Rule 37 (and Rule 41(b) for failure to prosecute) because (1) plaintiff acted in bad faith by failing to comply with court orders; (2) defendants suffered substantial prejudice because they were unable to fully prepare their defense; (3) there was a need for deterrence because the plaintiff ignored multiple requests by defendants for production of documents and also violated court orders mandating plaintiff's compliance despite warning plaintiff of the possibility of dismissal; and (4) less drastic sanctions would be inappropriate because of plaintiff's repeated failure to respond in light of being warned that failure to respond could result in dismissal.

The situation in the present case is directly analogous.  Plaintiff ignored this Court's order to respond to Defendants' initial discovery letter, its order to rectify the discovery failures by September 1, 2023, and its order to show cause on October 17, 2023.  This leaves Defendants completely in the dark about Plaintiff's case including, importantly, any expert support Plaintiff

may have such that Defendants have been unable to prepare their defense during the discovery period, which closed on October 7, 2023.  This is despite all due diligence by Defendants in seeking cooperation and compliance, first informally from Plaintiff and then with the Court.  Such conduct requires deterrence, and given that previous less drastic measures have still failed to produce any response, dismissal is called for.

Therefore, the undersigned recommends that the case be dismissed pursuant to Rule 37. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b (D. Md. 2023).

Dated: October 17, 2023                                   _____/s/_____
                                                                          J. Mark Coulson
                                                                          United States Magistrate Judge